IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **DAVID DAWSON & DALLAS MARSTON,** § | |
| § | |
| **Plaintiffs,** § | |
| § | |
| v. § | CIVIL ACTION NO. 5:18-cv-00908 |
| § | |
| **PELEUS INSURANCE COMPANY** § | |
| § | |
| **Defendant.** § | **JURY DEMANDED** |

## ORIGINAL COMPLAINT

TO THE HONORABLE DISTRICT JUDGE:

Plaintiffs, David Dawson ("Dawson") and Dallas Marston ("Dallas"), file this Original Complaint against Peleus Insurance Company ("Peleus"), and would show:

## PARTIES

1. The parties are as follows:

    a. Plaintiff, David Dawson[1], is a real person and resident of Bexar County, Texas.

    b. Plaintiff, Dallas Marston, is a Texas corporation and resident of Bexar County, Texas.

    c. Defendant, Peleus Insurance, is a Virginia insurance carrier who does business in the State of Texas and can be served with process at its home office located at 8720 Stony Point Pkwy, Suite 400, Richmond, Virginia or at its Texas location, P.O. Box 469012, San Antonio, Texas 78246.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 with more than $75,000.00 at issue and venue is proper in the San Antonio Division of the U.S. District Court for the Western

---

[1] Dawson is also the owner/operator of Dallas Marston.

District of Texas pursuant to 28 U.S.C. § 1391(b)(2) as the property at issue is located in the Division and Defendant was required to perform obligations under the Policy in the Division.

## FACTUAL BACKGROUND

3. Plaintiff, Dawson, was the owner of the apartment buildings located at 219 Andrews Street (the "Andrews Property"). Defendant insured the Property against casualty loss under Policy number 723-1426870415-00.

4. Plaintiff, Dallas, is the owner of the apartment buildings located at 10114 Sahara Street (the "Sahara Property"). Defendant insured the Property against casualty loss under Policy number 723-1426870415-00 and Certificate No. 8504.

5. On or about April 12, 2016, during the insurance period, the Sahara and Andrews properties were damaged by a hail/wind storm. The hail/wind storm caused damage to the Property, including costs necessary to repair paint, windows, HVAC equipment, and roofing systems.

6. Plaintiffs timely filed claims with Defendant and gave Defendant an opportunity to investigate the loss. Defendant hired an incompetent and partial engineering firm, Haag Engineering, with a documented past of fraudulent activity on behalf of insurance companies, to investigate the loss. Haag failed to identify documented damage and otherwise negligently performed its responsibilities in adjusting the claim. As a result of Haag's investigation, Defendant partially denied payment for the claim.

7. Based upon Defendant's refusal to pay the claim, Plaintiff invoked the contractual Appraisal process under the insurance policy by letter on October 24, 2016 and named an appraiser. Defendant summarily refused to participate in Appraisal in bad faith, despite a clear disagreement as to the scope and value of the damage.

8. Defendant has consistently refused to make meaningful attempts to investigate and resolve Plaintiff's claim and have actively attempted to mischaracterize and wrongfully manipulate evidence to misrepresent the value of the claim, in violation of the Texas Insurance Code by:

   a. Misrepresenting coverage issues underlying the policy;
   b. Misrepresentation of damage items;
   c. Attempting to settle the claim without performing a full and adequate investigation of the loss;
   d. Refusing to acknowledge reports showing hail damage;
   e. Misrepresenting the value and scope of hail damage losses at covered properties both verbally and in writing;
   f. Colluding with its adjusters and engineers to misstate the value and devalue the damages;
   g. Unreasonably delaying settlement offers on location valuations despite the insurer's liability becoming reasonably clear;
   h. Refusing to pay the claim without conducting a reasonable investigation with respect to the claim;
   i. Making untrue statements of material fact about the scope and value of the damages;
   j. Failing within a reasonable time to affirm or deny coverage of a claim;
   k. Failing within a reasonable time to request inspections, proofs of loss, or any other items the insurer believed necessary to evaluate the claim;
   l. Failing to adopt and implement reasonable standards for the prompt investigation of claims under the policy;
   m. Refusing to participate in alternative dispute resolution procedures authorized under the policy, including Appraisal, which would have timely resolved the claim;
   n. Compelling Plaintiff to institute a lawsuit to recover an amount due under the policy by offering substantially less than the amount ultimately recovered; and
   o. Failing to timely pay claims.

9. Plaintiffs have provided to Defendant all information necessary to pay the claim. All prerequisites for payment have been met.

10. Defendant continues to refuse to pay the amounts owed under the policy in breach of the insurance contract and its common law and statutory obligations.

## CAUSES OF ACTION

11. **Breach of Contract.** Plaintiffs incorporate the allegations of paragraphs 3-10 the same as if fully set forth herein. Plaintiffs and Defendant entered into insurance contracts. Plaintiffs complied with all provisions of the insurance contracts. Defendant breached a material provision of the contracts by refusing to pay amounts owed under the insurance contracts after a loss. Plaintiffs were damaged by Defendant's breach.

12. **Violations of the Texas Insurance Code.** Plaintiff incorporates the allegations of paragraphs 3-10 the same as if fully set forth herein. Peleus failed to, with good faith, effectuate a prompt, fair, and equitable settlement of Plaintiffs' claims when liability was reasonably clear in violation of Texas Insurance Code Section 541.060(a). Specifically, Peleus:

   a. Misrepresented to Plaintiff material facts and policy provision related to coverage at issue, including but not limited to:

   i. Misrepresenting the cause of damage;
   ii. Misrepresenting that damage was excluded under the Policies when it was not;
   iii. Misrepresenting the scope and value of the damage;
   iv. Misrepresenting the insurer's obligation to investigate the claim;
   v. Misrepresenting the insurer's obligation to pay the claim;
   vi. Misrepresenting the insurer's obligation to participate in the Appraisal process;
   vii. Misrepresenting the time frame in which the insurer was required to act under Texas Insurance Code chapter 542;
   viii. Misrepresenting the information and forms required to be provided by the insured and the timelines in which that information was to be requested by the insurer; and,
   ix. Misrepresenting coverage under the policy during both the underwriting and claims processes.

   b. Failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

c.  Failed to promptly provide the policyholders with a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of the claim;

d.  Failed within the deadlines required under Texas Insurance Code chapter 542 to affirm coverage of the claim; and

e.  Refused to pay the claim without conducting a reasonable investigation with respect to the claim.

13. These Unfair Settlement Practices caused direct, extra-contractual damages to Plaintiffs in the form of costs which would not have been incurred absent Peleus's delays and misrepresentations. Plaintiffs are entitled to treble damages, court costs, and its attorney's fees pursuant to Texas Insurance Code 541.152.

14. Further, Peleus committed violations of Texas Insurance Code chapter 542 by:

a.  Failing to, within 15 days (or 30 days for a surplus lines insurer), request from Plaintiffs all items, statements, and forms that the insurer reasonably believes would be required, including information regarding other potential dates of loss and a sworn proof of loss (542.055);

b.  Failing to accept or reject the claim within 15 business days within receipt of all requested information, statements, or forms timely requested (542.056);

c.  Failing to pay amounts due within 5 business days of its liability becoming reasonably clear (542.057); and

d.  Failing to pay the claim in whole within 75 days (90 days for a surplus lines insurer) after notice of the claim (542.058);

15. Under Texas Insurance Code 542.060, Plaintiffs are entitled to an 18% per annum penalty on the entirety of the amounts due, starting at the earliest violation of chapter 542 and running until the date that the amounts due are paid, as well as its attorney's fees and court costs.

16. **Negligence.** Plaintiffs incorporate the allegations of paragraphs 3-10 the same as if fully set forth herein. Peleus owed a duty to Plaintiffs to perform a reasonable and thorough investigation, including retaining unbiased and competent adjuster and experts. Peleus was negligent in conducting its inspection and investigation. These breaches of Peleus's duty caused damage to Plaintiffs.

## ATTORNEYS' FEES

17. Because of Defendant's failure to pay the amounts due and owing under the policy, Plaintiffs retained the undersigned counsel. Plaintiffs agreed to pay the undersigned counsel a reasonable fee. Plaintiffs are entitled to recover attorney's fees under Texas Civil Practice & Remedies Code chapter 38 and Texas Insurance Code sections 541.152 and 542.060.[2]

## JURY DEMAND

18. Plaintiffs demand a jury.

## PRAYER

19. Plaintiffs pray that Defendant be cited to appear and answer herein and upon hearing that Plaintiffs recover judgment against Defendant for the following:

    a. actual damages;

    b. attorneys' fees for services rendered and that are allowed by law;

    c. post-judgment interest and costs;

    a. treble damages, and exemplary damages as allowed by law;

    b. 18% penalties and interest as allowed by law; and

    c. all other relief Plaintiffs may show itself entitled to in law or in equity.

---

[2] Notice of this claim was sent to Peleus prior to the adoption of Texas Insurance Code 542A. Texas Insurance Code 542A is not retroactive and does not apply to this case.

Respectfully Submitted,

/s/ Benjamin D. Doyle
BENJAMIN D. DOYLE
State Bar No.: 24080865
**STOCKARD, JOHNSTON BROWN & NETARDUS, P.C.**
1800 S. Washington, Suite 307
Amarillo, TX 79102
(806) 372-2202 - Telephone
(806) 379-7799 - Fax
bdoyle@sjblawfirm.com

/s/Benjamin D. Doyle
By: Benjamin D. Doyle
**ATTORNEYS FOR PLAINTIFFS**